# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3990

_____

Linda J. Hook,                             *

                                *

        Appellant,               *

                                *   Appeal from the United States

    v.                           *   District Court for the

                                *   Southern District of Iowa.

State of Iowa,                 *

                                *

        Appellee.                *

_____

Submitted:   June 13, 2002

Filed:   October 22, 2002 - Corrected 11/22/02

_____

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

      Linda J. Hook appeals from the district court's[1] dismissal of her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court granted a certificate of appealability solely on the issue of whether Hook's trial counsel was ineffective for allowing the introduction of evidence pertaining to her invocation of her right to remain silent and to speak with an attorney. We affirm.

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, adopting the Report and Recommendation of the Honorable Ross A. Walters, Chief United States Magistrate Judge for the Southern District of Iowa.

## I.

On November 3, 1990, Hook drove to the home of her ex-husband, Steven Hook, who was present in the residence with his fiancé, Maija Zureck. Steven opened the door in response to the doorbell and was shot by Hook at close range. Ms. Zureck heard Hook say immediately following the shot, "I'm going to kill you, Steve." After firing another shot, which hit the ceiling, Hook returned to her home, where police arrested her later that evening. At trial, Hook did not deny shooting Steven but alleged that she was insane at the time of the shooting. The defense's psychiatric expert, Dr. Vernon Varner, testified that Hook was suffering from major depression coupled with a reactive psychotic episode at the time of the shooting.

On direct examination, three police officers testified to the events surrounding Hook's arrest. Each of them testified to some degree that Hook had been read her Miranda rights and that she had invoked her right to remain silent and to speak with an attorney. Hook's trial counsel did not object to this testimony and, during his cross-examination asked one of the officers about Hook's invocation of her Miranda rights.

The jury rejected Hook's claim of insanity and convicted her of first degree murder. The Iowa Court of Appeals affirmed the conviction but reserved for post-conviction relief proceedings her ineffectiveness of counsel challenge based upon the Miranda testimony.

On post-conviction review, Hook's trial counsel testified that he did not seek to exclude the post-Miranda warnings testimony because it was important to the insanity defense to have the officers testify regarding Hook's attitude and behavior immediately after the shooting. Counsel further testified that Dr. Varner had told him that such evidence was important to his diagnosis. The post-conviction court rejected Hook's ineffective assistance argument, accepting trial counsel's explanation of his

strategic need for the testimony. The court further found that Hook suffered no prejudice from the inclusion of the testimony. The Iowa Court of Appeals affirmed the denial of post-conviction relief on the basis of the reasonableness of defense counsel's strategy without ruling on the lack of prejudice finding.

Hook filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, once again asserting ineffectiveness of counsel. The case was referred to a United States magistrate judge, who recommended that the petition be dismissed on the ground that Hook's trial counsel had employed a reasonable strategy and that in any event Hook had suffered no prejudice. The district court adopted the magistrate judge's report and recommendation and dismissed the petition.

## II.

In reviewing the Iowa court's decision to deny Hook's ineffectiveness claim, we apply the habeas statute as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Under 28 U.S.C. § 2254(d)(1), we must deny a petition for a writ of habeas corpus unless the state court rendered "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In Williams, 529 U.S. at 412-13, the Court held that

> [u]nder the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Hook argues that counsel's failure to object to the testimony regarding her invocation of her Miranda rights cannot be characterized as reasonable trial strategy in light of Wainwright v. Greenfield, 474 U.S. 284 (1986), in which the Court held that the prosecution's use of a defendant's post-Miranda warnings silence runs afoul of the holding in Doyle v. Ohio, 426 U.S. 610 (1976), that the use of such silence violates the Due Process Clause of the Fourteenth Amendment. Likewise, she contends that it cannot be said that she suffered no prejudice as a result of counsel's ineffectiveness.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth the framework for analyzing ineffectiveness of counsel challenges. To prevail, the defendant must show both that trial counsel's performance was constitutionally deficient and that prejudice resulted from that deficient performance. Id. at 687. "We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies." Siers v. Weber, 259 F.3d 969, 974 (8th Cir. 2001) (citing Strickland, 466 U.S. at 697). Accordingly, because we conclude that Hook suffered no prejudice, we do not rule on whether Hook's trial counsel's performance was in fact deficient.

To show prejudice "the defendant must show that [counsel's error] actually had an adverse effect on the defense." Strickland, 466 U.S. at 693. In other words, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Thus, Hook must demonstrate that but for trial counsel's failure to exclude the testimony about Hook's invocation of her Miranda rights, the jury probably would have accepted her insanity defense and acquitted her entirely or convicted her only of second-degree murder.

We conclude that the state court decision was neither contrary to nor involved an unreasonable application of clearly established federal law. The state court applied a test based on state precedent that is virtually indistinguishable from Strickland. Nor was the state court determination that Hook had suffered no prejudice an unreasonable application of the Strickland principle to the facts of Hook's case. The state post-conviction court held, "Furthermore, given all of the other evidence in this case, the Applicant has failed to establish any prejudice resulting from the admission of these observations and her invocation of the right to remain silent and have counsel present." However brief the court's analysis, it did not constitute an unreasonable application of law to the facts established at trial.

We agree with the district court that the evidence presented by the state was of such force and magnitude that, absent the post-Miranda warnings testimony, there is no reasonable probability that the result of the proceeding would have been different. "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. Dr. Michael Taylor, the state's expert, disputed Dr. Varner's assertion that Hook was still in the throes of major depression, testifying that he did not believe that Hook had suffered a reactive psychotic episode shortly before the shooting.

There was testimony that between the time of Hook's separation from Steven and just prior to the shooting, Hook had expressed anger toward Steven and had acted on that anger by shooting a hole into Steven's favorite painting and by carving into a table tombstones with the dates of their marriage. A witness testified that upon learning that Steven had a new girlfriend, Hook stated, "There is never going to be another Mrs. Hook walking down the streets of Davenport."

Additionally, two witnesses testified that they saw Hook on the day of the shooting, one within three hours of the shooting, and testified that she seemed upbeat. Neither witness saw any indication of a depressed state or a loss of touch with reality.

-5-

As recounted above, Steven's fiancé testified that immediately after firing the fatal shot Hook stated, "I'm going to kill you, Steve."

The now objected-to testimony comprises no more than five exchanges on seven pages of a trial transcript that exceeds one thousand pages in length. Given the weight of the evidence establishing that Hook was not suffering from any mental impairment at the time of the shooting, we agree with the district court that the Iowa court reasonably determined that there was no reasonable probability that the jury would have adjudged Hook insane in the absence of the post-<u>Miranda</u> warnings testimony.

The order of dismissal is affirmed.

A true copy.

     Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.